**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SANTINE M. WHITE,

       **Plaintiff,**

v.

                                    **Case No. 16-4162-DDC-KGS**

CITY OF GRANDVIEW PLAZA, et al.,

       **Defendants.**

_____

<u>**MEMORANDUM AND ORDER**</u>

Pro se plaintiff Santine M. White brings this civil rights action against defendants City of Grandview Plaza, Grandview Police Department, Lieutenant Shawn Peirano, and Officer Shawn Weeks. In short, plaintiff alleges that defendants violated his constitutional rights and Kansas law during a traffic stop and arrest on April 27, 2010. Plaintiff filed this action in the District Court of Geary County, Kansas on September 30, 2016. Doc. 1-1. On October 19, 2016, defendants removed the action to this court under 28 U.S.C. § 1331, asserting that the federal court has original jurisdiction over plaintiff's claims for constitutional violations under 42 U.S.C. § 1983—claims that arise under federal law.

This matter is before the court on several pending motions. First, plaintiff has filed a Motion to Remand. Doc. 8. The motion asks the court to remand the case to Geary County, Kansas. The court denies this motion as moot. Defendants properly removed the case under 28 U.S.C. §§ 1331, 1441(a), 1446. The court has original jurisdiction over plaintiff's federal claims and supplemental jurisdiction over his state law claim. But, plaintiff's federal claims fail to state a claim for relief, and the court, in its discretion, declines to exercise supplemental jurisdiction

over the state law claim. So, the court remands the case to the District Court of Geary County, Kansas.

Second, defendants have filed a Motion to Strike. Doc. 17. This motion asks the court to strike a Statement of Claim that plaintiff has filed. Doc. 16. Defendants assert that this Statement of Claim is an Amended Complaint that plaintiff filed without written consent or leave from the court as Fed. R. Civ. P. 15(a)(2) requires. The court agrees. The court thus grants defendants' Motion to Strike and strikes plaintiff's Statement of Claim.

Third, plaintiff has filed a Motion for Order. Doc. 19. This motion asks the court to supplement the record with certain information. Although the court refuses to consider this filing as an Amended Complaint because plaintiff has not satisfied the requirements of Rule 15(a)(2), the court allows plaintiff to supplement the record with the information contained in Doc. 19. The court thus grants plaintiff's Motion for Order.

Fourth, plaintiff has filed a "Motion/Notice of a Constitutional Challenge of Statute." Doc. 20. This filing is difficult to understand but it appears that plaintiff is asking the court to intervene under 28 U.S.C. § 2403(a) and that plaintiff seeks to challenge the constitutionality of a Kansas statute—Kan. Stat. Ann. § 22-2401a(2)(a). To the extent the court can construe this filing liberally as one seeking leave to file an amended complaint, the court denies the request because plaintiff has not complied with D. Kan. Rule 15.1(a)(2). But, even if plaintiff had complied with the local rule, the court would deny plaintiff leave to file an amended complaint because his purported constitutional challenge is futile.

Finally, defendants have filed a Motion to Dismiss. Doc. 7. Defendants ask the court to dismiss plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6). For reasons explained below, the court concludes that plaintiff's federal claims fail to state a claim for relief and none of the

factual allegations in plaintiff's Statement of Claim, his Motion for Order, or his "Motion/Notice of a Constitutional Challenge of Statute"—even if pleaded as a properly Amended Complaint—would change that outcome. The court thus dismisses plaintiff's federal claims under Fed. R. Civ. P. 12(b)(6), but does so without prejudice. The court declines to exercise supplemental jurisdiction over plaintiff's state law claim.

## I.     *Pro Se* Litigant Standard

Because plaintiff brings this lawsuit *pro se*, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a *pro se* litigant. *Id.* Also, a litigant's *pro se* status does not excuse him from complying with the court's rules or facing the consequences of his noncompliance. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

## II.     Motion to Remand

Plaintiff filed his Complaint on September 30, 2016, in the District Court of Geary County, Kansas. Doc. 1-1 at 1. He used this court's federal form Complaint for Violation of Civil Rights. *Id.* And, he checked the box stating that he is bringing suit for violations of his constitutional rights under 42 U.S.C. § 1983. *Id.* at 3. He attached an addendum to his Complaint asserting several bases for jurisdiction. *Id.* at 7. The addendum alleges violations of his rights under the Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. *Id.*

Defendants removed the case on October 19, 2016. Docs. 1, 14 at 2. On November 21, 2016, plaintiff filed a Motion to Remand in the District Court of Geary County, Kansas. Doc.

14-4 at 1–2. Eight days later, plaintiff filed a Motion to Remand in federal court. Doc. 8. For reasons explained below, the court concludes that defendants properly removed the case to federal court under 28 U.S.C. §§ 1331, 1441(a), and 1446.

### A. Defendants' Notice of Removal

A defendant may remove a civil action from state to federal court when the action is within the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over cases "arising under" the Constitution and laws of the United States, regardless of the amount in controversy. 28 U.S.C. § 1331. "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on resolution of a substantial question of federal law.'" *Morris v. City of Hobart,* 39 F.3d 1105, 1111 (10th Cir. 1994) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.,* 463 U.S. 1, 27–28 (1983)). The governing federal removal statutes require a defendant to remove an action "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

Here, defendants properly removed the case to federal court because plaintiff's Complaint asserts constitutional and federal statutory claims. Doc. 1-1 at 7, Doc. 1 at 1. Plaintiff alleges violations of 42 U.S.C. § 1983, lists several amendments to the United States Constitution as bases for jurisdiction, and claims violations of his constitutional rights. Doc. 1-1

4

at 7. Plaintiff's allegations arise under federal law because 42 U.S.C. § 1983 creates a private right of action. 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress"). The court thus concludes that plaintiff's Complaint raises a federal question over which this court has original jurisdiction under 28 U.S.C. § 1331.

The court also determines that defendants satisfied all procedural requirements for removal under 28 U.S.C. § 1446(b)(1). Defendants filed their Notice of Removal on October 19, 2016, within the 30-day statutory deadline after plaintiff filed his Complaint on September 30, 2016. Doc. 1-1 at 1, Doc. 14 at 2.

### B. Plaintiff's Motion to Remand

When a plaintiff seeks remand to state court, the removing defendant bears the burden to demonstrate that removal was proper. *Ruiz v. Farmers Ins. Co.*, 757 F. Supp. 1196, 1197 (D. Kan. 1991) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A motion to remand a case "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

Here, plaintiff argues that courts must resolve any doubts about jurisdiction in favor of remand and evaluate notices of removal and motions to remand by construing factual allegations "'in the light most favorable to the plaintiff.'" Doc. 8 at 2 (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Even applying this standard to plaintiff's motion here, the court

concludes that no such doubts exist about jurisdiction. Defendants have met their burden of showing that the removal satisfied substantive and procedural requirements and that they properly removed this case.

It is also unclear whether the governing federal statute required plaintiff to meet the 30-day deadline under 28 U.S.C. § 1447(c). Plaintiff filed his Motion to Remand under 28 U.S.C. § 1447(a), which authorizes federal district courts to "bring before it all proper parties" to determine whether removal was proper. 28 U.S.C. § 1447(a). Plaintiff does not assert any other statutory grounds for remand. Doc. 8 at 1–2. But, even assuming that plaintiff's Motion to Remand intended to assert that this court lacks subject matter jurisdiction, defendants have established that this court has original jurisdiction over plaintiff's claims under 28 U.S.C. § 1331.

Even so, the court denies plaintiff's Motion to Remand as moot. As explained below, the court dismisses plaintiff's federal claims because they fail to state a plausible claim for relief. And, the court declines to exercise supplemental jurisdiction over plaintiff's state law claim. So, the court remands plaintiff's state law claim to the District Court of Geary Count, Kansas.

### III.    Motion to Strike

On December 17, 2016, plaintiff filed something he calls a "Statement of Claim." Doc. 16. Plaintiff's Statement of Claim is somewhat hard to follow. But, it appears that the Statement of Claim is tantamount to an Amended Complaint. Plaintiff recites the claims he is asserting in this lawsuit and the facts, he contends, that support those claims. He also describes the damages he has sustained from defendants' alleged constitutional violations. The court thus construes plaintiff's Statement of Claim as an Amended Complaint.

Defendants have filed a Motion to Strike Plaintiff's Statement of Claim. Doc. 17. Defendants argue that the court must strike this Statement of Claim because plaintiff did not

obtain written consent or leave from the court to file an Amended Complaint as Fed. R. Civ. P. 15(a)(2) requires. Defendants also argue that, to the extent plaintiff is attempting to file an Amended Complaint, his amended pleading is futile because, like his original Complaint, it fails to state a claim upon which relief may be granted.

Plaintiff never responded to defendants' Motion to Strike, and the time for doing so has passed. Under D. Kan. Rule 7.4(b), a party "who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum" unless there is a showing of excusable neglect. This rule also provides "[i]f a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." D. Kan. Rule 7.4(b). Because plaintiff never has responded, the court grants defendants' Motion to Strike. The court also grants the motion because plaintiff does not satisfy the requirements necessary for filing an Amended Complaint under Fed. R. Civ. P. 15.

Under Rule 15, a party may amend its complaint once as a matter of course within 21 days after serving it on the opposing party or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). If the amendment falls outside of that period of time, Rule 15 provides that the party may only amend with leave of the court or with the opposing party's written consent. Fed. R. Civ. P. 15(a)(2).

On September 30, 2016, plaintiff filed this lawsuit in the District Court of Geary County, Kansas. Doc. 1-1 at 1. On October 19, 2016, defendants removed the lawsuit to our court. Doc. 1. On October 31, 2016, defendants filed their Motion to Dismiss. Doc. 8. Plaintiff filed his Statement of Claim on December 17, 2016—more than 21 days after defendants had filed their

Motions to Dismiss under Rule 12(b). Thus, under Rule 15, plaintiff cannot file an Amended Complaint as a matter of right. Instead, Rule 15 required plaintiff to seek leave from the court or obtain written consent from all opposing parties before filing an Amended Complaint. Plaintiff did neither. So, construing plaintiff's Statement of Claim as an Amended Complaint, the court strikes it from the record.

The court also notes that, had plaintiff sought leave to file the Statement of Claim as an amended pleading, the court would deny the request because it is futile. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend the pleadings] when justice so requires." But, the court may deny leave to amend on the grounds of undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the proposed amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, plaintiff's Statement of Claim is an exercise in futility because it, like plaintiff's original Complaint, fails to state a claim for relief. Plaintiff asserts violations of the United States Constitution, the Americans with Disabilities Act ("ADA"), and the "Kansas Family Protection Act."[1] Doc. 16 at 2. For the reasons explained below, plaintiff fails to state a claim for relief under any of these provisions. The court thus concludes that plaintiff's Statement of Claim is futile.

---

[1]     Plaintiff provides no statutory citation for the existence of such a Kansas statute. The court's independent research has located none. To the extent plaintiff refers to the Kansas Personal and Family Protection Act, Kan. Stat. Ann. §§ 75-7c23 *et seq.*, none of plaintiff's filings explain how defendants violated this statute. And, even if they did, the court would decline to exercise supplemental jurisdiction over this state law claim.

## IV.     Motion for Order

Plaintiff has filed a document called "Motion/Information."  Doc. 19.  The Clerk of the Court has docketed the filing as a Motion for Order.  This document also is difficult to understand.  Plaintiff asks the court to accept certain information under Fed. R. Civ. P. 11(b)(1).  Doc. 19 at 1.  Plaintiff again asserts that defendants have violated his constitutional rights, and he provides a timeline of certain events that he contends are relevant to his claims.

Defendants never have responded to plaintiff's motion, and the time for doing so has passed.  The court thus grants plaintiff's motion under D. Kan. Rule 7.4(b).  *See* D. Kan. Rule 7.4(b) ("If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice.").

The court also grants plaintiff's motion on the merits.  The court construes plaintiff's motion as one asking to supplement his responses in opposition to defendants' Motion to Dismiss.  But, the court does not construe this filing as an Amended Complaint for the same reasons discussed in the section, above.  Plaintiff neither has sought leave from the court nor obtained written consent from all opposing parties before filing the document.  So, the court cannot consider the filing as an Amended Complaint.  And, even if the court considered the filing as a request for leave to file an Amended Complaint, the court would deny the request as futile.  Like the Complaint, this filing fails to allege facts supporting a plausible claim for relief.  The record now contains the information plaintiff supplied.

## V.     Motion/Notice of a Constitutional Challenge of Statute

Plaintiff also has filed a "Motion/Notice of a Constitutional Challenge of Statute."  Doc. 20.  Although plaintiff's filing is difficult to understand, plaintiff asks the court to "intervene"

under 28 U.S.C. § 2403(a). Doc. 20 at 1. This statute requires the court to certify to the Attorney General the fact that a party is challenging the constitutionality of "any Act of Congress" in a case to which the United States is not already a party. 28 U.S.C. § 2403(a). The statute also requires the court to allow the United States to intervene in the action. *Id.* This statute simply does not apply here. Plaintiff is not challenging the constitutionality of "any Act of Congress." Instead, he appears to challenge the constitutionality of a Kansas statute—not one enacted by Congress. Also, plaintiff never raises any constitutional challenge to any statute— state or federal—in his Complaint. *See* Doc. 1-1.

To the extent the court can construe plaintiff's filing liberally as one seeking leave to file an Amended Complaint, the court denies the request because plaintiff has not complied with D. Kan. Rule 15.1(a)(2). This rule requires a party seeking leave to file an amended pleading to attach the proposed amended pleading to his motion. D. Kan. Rule 15.1(a)(2). Plaintiff has attached no proposed pleading to his filing. Thus, he has not complied with our local rule. But, even if plaintiff had complied, the court would deny plaintiff leave to file an Amended Complaint because his purported constitutional challenge is futile.

Plaintiff asserts that he is challenging the constitutionality of Kan. Stat. Ann. § 22-2104a(2)(a). Plaintiff contends that the statute "restricts due process and infringes on the traditional right to bear arms." Doc. 20 at 2. Kan. Stat. Ann. § 22-2104a(2)(a) authorizes law enforcement officers employed by any city to exercise their powers "[a]nywhere within the city limits of the city employing them and outside of such city when on property owned or under the control of such city." Kan. Stat. Ann. § 22-2401a(2)(a). Plaintiff fails to allege any facts to show how this statute violates one's constitutional rights. The statute only proscribes where law enforcement officers can exercise their powers. Without more facts to support a constitutional

challenge, plaintiff cannot state a plausible claim.[2]  Thus, to the extent he seeks leave to file an

Amended Complaint asserting a constitutional challenge to the statute, the court would deny the

request as futile.

## VI.    Motion to Dismiss

The court now turns to defendants' Motion to Dismiss.  Doc. 6.  Defendants seek

dismissal of plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).  For reasons explained below,

the court grants in part and denies in part defendants' Motion to Dismiss.  The court dismisses

plaintiff's federal claims without prejudice and declines to exercise supplemental jurisdiction

over his state law claim.

### A.    Facts Alleged in Plaintiff's Complaint

The following facts are taken from plaintiff's Complaint (Doc. 1-1), accepted as true, and

viewed in the light most favorable to plaintiff.  *ASARCO LLC v. Union Pac. R.R. Co.*, 755 F.3d

1183, 1188 (10th Cir. 2014) (explaining that, on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the

court must "accept as true all well-pleaded factual allegations in the complaint and view them in

the light most favorable to the [plaintiff]." (citation and internal quotation marks omitted)).

As described above, plaintiff filed a Complaint in the District Court of Geary, County,

Kansas, using the federal Complaint form for violations of civil rights.  Doc. 1-1.  The

Complaint's allegations are not easy to decipher, but, generally, the Complaint alleges that

---

[2]        The same reasoning applies to any challenge plaintiff meant to assert against the Kansas Personal and Family Protection Act, Kan. Stat. Ann. §§ 75-7c23 *et seq.*  This Act authorizes the concealed carry of firearms.  None of plaintiff's filings explain how defendants violated this statute.  And, the record shows that plaintiff never was charged with a weapons violation that, in theory, somehow might conflict with the provisions of this Act.  Indeed, officers never located a weapon in the car during the April 27, 2010 traffic stop.  *See State v. White*, 332 P.3d 849, 2014 WL 4388572, at *3 (Kan. Ct. App. Aug, 29, 2014) (unpublished table opinion) ("Officers never found a weapon anywhere in the truck.").  Instead, the officers found cocaine and arrested plaintiff for possessing that controlled substance.  *Id.*  Plaintiff later was charged with one count of possession of cocaine with intent to distribute within 1000 feet of a school zone and one count of no drug tax stamp.  *Id.* at *1.

Grandview Plaza Police Department officers stopped plaintiff for an alleged traffic infraction on April 27, 2010. The officers never cited plaintiff and allowed him drive away. The officers then conducted a second traffic stop that ended with plaintiff's arrest. The officers also downloaded the contents of plaintiff's personal Blackberry cell phone without his consent.

Plaintiff alleges that defendants' actions on April 27, 2010, violated his constitutional rights and Kansas law. Specifically, plaintiff brings claims under 42 U.S.C. § 1983 for violation of his rights under the Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts that defendants violated Kan. Stat. Ann. § 22-2401a(2)(a). Plaintiff alleges that defendants' actions have caused him emotional distress and aggravated post-traumatic stress disorder ("PTSD"). Plaintiff seeks monetary damages for his personal injuries and property damage from downloading of the contents of his personal Blackberry cell phone without his consent.

### B.    Additional Factual and Procedural Background

Defendants assert that plaintiff's Complaint alleges facts that are not well-pleaded. So, defendants direct the court to a Kansas Court of Appeals opinion that, defendants contend, describes the facts germane to plaintiff's claims in this lawsuit. In *State v. White*, 332 P.3d 849, 2014 WL 4388572 (Kan. Ct. App. Aug, 29, 2014) (unpublished table opinion), the Kansas Court of Appeals reversed plaintiff's convictions because the district court had erred in denying a motion to suppress. *Id.* at *1. Plaintiff's convictions arose from an April 27, 2010 traffic stop— the same one that forms the basis of plaintiff's claims in this civil lawsuit—that led to convictions for possessing cocaine with intent to distribute within 1,000 feet of a school zone and having no drug tax stamp

Defendants ask the court to give preclusive effect to the facts in plaintiff's underlying criminal case. *See Dopp v. Rask*, No. 00-3144-JAR, 2003 WL 1342943, at *1 (D. Kan. Mar. 17, 2003), *aff'd* 91 F. App'x 79 (10th Cir. 2004) (giving preclusive effect to the findings made in a state court Memorandum Decision issued in pro se plaintiff's criminal case when, in the case at issue before the federal court, the pro se plaintiff asserted claims arising from his arrest and prosecution in a state court criminal case). Although courts "are limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint," *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995), courts also may take judicial notice of facts that are a matter of public record and of state court documents and properly consider those facts when deciding a motion to dismiss, *see Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *see also Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). The court may do so without converting a motion to dismiss to a motion for summary judgment. *See Pace*, 519 F.3d at 1072–73; *see also Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (citations omitted).

The Kansas Court of Appeals opinion describes facts directly bearing on plaintiff's allegations in this lawsuit. Plaintiff's claims here arise from the April 27, 2010 traffic stop and his subsequent arrest. The court thus takes judicial notice of the Kansas Court of Appeals' opinion cited by defendants because it includes facts that are germane to the allegations in this lawsuit.

The Kansas Court of Appeals described the relevant factual background in *State v. White* as follows:

> Shortly before 10 p.m. on April 27, 2010, Sergeant Todd Godfrey and Detective Alvin Babcock of the Junction City Police Department, and Captain Shawn Peirano of the Grandview Plaza Police Department were on patrol together in Junction City as part

of the Junction City/Geary County Drug Operations Group. They observed a white Dodge Ram pull out from a residence on 11th Street and travel west to a stop sign at the intersection of 11th Street and Eisenhower Drive. The Ram activated its right turn signal after it reached the stop sign, which is a traffic violation. The officers continued to follow the Ram and one of them called the vehicle's tag into dispatch, which advised that the tag was registered to a Dodge Dakota, not a Dodge Ram. Godfrey activated the police car's lights around the same time the Ram pulled into a private driveway.

White, the driver, began to exit the Ram, at which point the officers recognized him from an incident about a month earlier in which all three officers were involved. During that incident, White and his brother were apparently arrested at the 11th Street residence, which was a rental property owned by White. Officers had then searched White's vehicle, which was parked at the rental property, and found a handgun, ammunition, cocaine, and marijuana. Those earlier charges against White had been dropped, although the officers were apparently unaware of it at the time of the present stop.

Babcock approached the driver's side of the Ram and ordered White back into the vehicle while Peirano provided security on the passenger side. Babcock told White they had stopped him because the tag registration did not match the vehicle, and they asked White for the registration documentation. White stated the vehicle was not his, then reached into the glove compartment to retrieve the documentation and give it to Babcock. When White opened the glove compartment, Peirano saw what he thought was the grip of a handgun inside. Peirano did not say anything at the time because he was unaware that it was illegal to have a firearm in a vehicle within Junction City. The officers were then able to verify from dispatch and from the registration documents that the vehicle was not registered to White but that the registration and tag on the vehicle were all lawful and in order.

The three officers then left White and pulled into a cul-de-sac about six houses away, where they met with a fourth officer in a marked police car. At that point, Peirano mentioned to the other officers that he thought he had seen the grip of a handgun in the glove compartment. Based on this information, the officers decided to go back and confront White about the possible firearm in the vehicle.

The officers then reinitiated contact with White about 2 to 3 minutes after they had originally left him. The Ram was still parked in the private driveway on Parkside Drive. As the officers approached, Peirano saw White bending over near a trashcan by the front door of the residence. Peirano told White why the officers had returned and asked for consent to search the Ram. According to Peirano, White stated that the vehicle was not his and that he did not know what might be in the glove compartment. White gave his consent to search the vehicle but stated that he could not find the keys. Peirano mentioned he had seen White drop the keys and pick them back up during their initial encounter. White acknowledged that was true but stated that he could not now find the keys.

White told Peirano he had called his wife to bring an extra set of keys. He asked Peirano to accompany him up to the nearest intersection to wait for her. The fourth officer also walked up to the corner with Peirano and White. Meanwhile, Babcock searched for the keys and found them behind the trashcan by the front door of the residence. Godfrey called Peirano and told him the keys had been found, so everyone returned to the Ram.

At some point later, the officers called for a drug dog to perform an exterior air sniff of the Ram. After the exterior air sniff, the officers learned that the dog did not alert. They then unlocked the Ram and searched the interior. It is not clear from the hearing testimony exactly how much time elapsed between when Babcock found the keys and when the officers began the search of the interior of the vehicle.

During the search, Peirano found a magazine for an AK–47 or assault-type weapon loaded with ammunition, but no actual firearm, in the glove compartment. The officers believed there might be a firearm or additional ammunition somewhere else in the vehicle, so they continued to search the vehicle. Godfrey found a black, felt bag in the center console. Inside the felt bag were three smaller plastic bags containing what appeared to be cocaine. They arrested White and placed him in handcuffs. Peirano stated that White never withdrew his consent or made any other objections to the search. Officers never found a weapon anywhere in the truck.

*Id.* at *1–3. Plaintiff filed motions to suppress the cocaine evidence seized from the vehicle, and the district court denied them. The case proceeded to trial, and a jury convicted plaintiff on both the drug charge and the tax stamp charge. Plaintiff appealed the district court's rulings on his

motions to suppress, and the Kansas Court of Appeals reversed them. The Kansas Court of Appeals concluded that reasonable suspicion existed to justify the traffic stop, *id.* at *5, and also held that officers had probable cause to search the vehicle for a firearm, *id.* at *7. But, the court held that officers exceeded the permissible scope of the search when they looked inside the black felt bag because it was too small to contain a firearm. *Id.* at *8–9. The Kansas Court of Appeals thus reversed plaintiff's convictions and remanded the case with instructions to suppress the cocaine evidence. *Id.* at *9.

### C.  Legal Standard

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the court must assume that the complaint's factual allegations are true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court may consider "not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A court "'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* (quoting *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)).

### D.     Analysis

Defendants ask the court to dismiss plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief can be granted. The following analysis addresses defendants' dismissal arguments.

### 1.   The "Grandview Police Department" is not subject to suit.

Plaintiff's Complaint names the Grandview Police Department as a defendant. Defendants assert that the entity's correct name is the Grandview Plaza Police Department. But, even if plaintiff had named the correct entity, defendants argue that the court must dismiss this party from the action because it is not a legal entity subject to suit. The court agrees.

Under Fed. R. Civ. P. 17(b), courts determine a party's capacity to be sued in federal court by examining the law of the state where the court is situated. Fed. R. Civ. P. 17(b)(3). In Kansas, "subordinate government agencies do not have the capacity to sue or be sued in the

absence of statute." *Hopkins v. State*, 702 P.2d 311, 316 (Kan. 1985) (holding that the Kansas Highway Patrol is not a government agency subject to suit).

Also, it is well established in our court that a municipal police department "is only a subunit of city government and, therefore, is not a governmental entity subject to suit." *See Whayne v. Kansas,* 980 F. Supp. 387, 391 (D. Kan. 1997) (citations omitted); *see also Galloway v. Hadl*, No. 07-3016-SAC, 2007 WL 1115201, at *1 (D. Kan. Apr. 13, 2007) (dismissing plaintiff's claims against the Lawrence Police Department because it is "not [an] entit[y] amenable to suit" so plaintiff had "state[d] no claim upon which relief could be granted" against it). Instead, plaintiff's claims against a subunit of the city are the equivalent of a suit against the city itself, and "[a] suit against both entities is duplicative." *Rubio v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1300 (D. Kan. 2006) (citations omitted).

Here, plaintiff has sued both the City of Grandview Plaza and the Grandview Plaza Police Department as defendants. His claims against the police department merely duplicate the ones against the City. The court thus dismisses plaintiff's claims against the Grandview Plaza Police Department.

> **2. Plaintiff's official capacity claims against Lieutenant Peirano and Officer Weeks duplicate his claims against the City of Grandview Plaza.**

Plaintiff has filed suit against Lieutenant Peirano and Officer Weeks in only their official capacity. *See* Doc. 1-1 at 2 (checking only the box marked "official capacity" in Part I.B. of the Complaint). Defendants assert that the court should dismiss plaintiff's official capacity claims against these two individuals because they are redundant of plaintiff's claims against the City of Grandview Plaza. The court agrees.

The Supreme Court has explained that a § 1983 suit against a government officer in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)); *see also Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 695 (10th Cir. 1988) (stating that "[a] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same."). "As long as the government entity receives notice [of the action] and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166.

Our court routinely dismisses official capacity claims against individuals sued in their official capacities when the government entity also is named as a defendant in the lawsuit because the official capacity claims against the individuals are duplicative. *See*, *e.g.*, *Rubio v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1300 (D. Kan. 2006) (citing *Sims v. Unified Gov't of Wyandotte Cty.*, 120 F. Supp. 2d 938, 945 (D. Kan. 2000) (official capacity claims dismissed as redundant)). This is the situation presented by plaintiff's Complaint here. Plaintiff's claims against Lieutenant Peirano and Officer Weeks in their official capacity duplicate plaintiff's claims against the City of Grandview Plaza. The court thus dismisses the official capacity claims against Lieutenant Peirano and Officer Weeks.

### 3. Plaintiff asserts no municipal policy or custom to subject the City of Grandview Plaza to suit.

Defendants next argue that plaintiff fails to state a claim under 42 U.S.C. § 1983 because he had not pleaded that a municipal policy or custom produced a violation of his constitutional rights. In *Monell v. Department of Social Services*, the Supreme Court recognized that municipalities can be liable under § 1983 for violating a person's constitutional rights. 436 U.S.

658, 690 (1978).  But, the Supreme Court also concluded that "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Id.* at 691.  Instead, a plaintiff may sue municipalities only for their own unconstitutional policies or customs—and not for allegedly unconstitutional acts by their employees.  *Id.* at 694–95.

Thus, "[a] plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove:  (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation."  *Myers v. Okla. Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell*, 436 U.S. at 694).  The Tenth Circuit has explained how this principle works:  "An unconstitutional deprivation is caused by a municipal 'policy' if it results from decisions of a duly constituted legislative body or an official whose acts may fairly be said to be those of the municipality itself."  *Carney v. City and Cty. of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008) (citation omitted).  The Circuit has defined a "custom" as "an act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of law."  *Id.* (citation omitted).  Such a custom is marked by "continuing, persistent and widespread" actions by municipal employees.  *Id.* (quoting *Gates v. Unified Sch. Dist. No. 449*, 996 F.2d 1035, 1041 (10th Cir. 1993)).

Here, plaintiff's Complaint never alleges the existence of any custom or policy adopted by a municipal policymaker, or any facts that might support an inference that such a custom or policy exists.  This is required for a plaintiff asserting a § 1983 claim against a municipality. Without such allegations, plaintiff fails to state a claim for relief against the City of Grandview Plaza (or the individual defendants in their official capacity).

Plaintiff's only response to this aspect of defendants' Motion to Dismiss argues that defendants violated Title II of the ADA because he was provided no public accommodations for his qualified disability during his arrest and afterwards. Docs. 10 at 3, 11 at 3. Plaintiff contends that "the Grandview Police Department violated Title II of the [ADA] which violates the Fourteenth Amendment of the United States Constitution." Docs. 10 at 4, 11 at 4. This argument cannot carry the day for plaintiff for several reasons.

First, plaintiff's Complaint never asserts an ADA claim or any allegations supporting an inference of an ADA claim. Second, plaintiff's Complaint never alleges that the City of Grandview Plaza has adopted a policy or custom that was the moving force behind an alleged constitutional deprivation—or, as plaintiff asserts here, the alleged disability discrimination that he contends violated the Fourteenth Amendment. And last, even if plaintiff's Complaint had asserted an ADA claim, plaintiff fails to allege facts sufficient to state a plausible claim under the ADA.

Title II of the ADA prohibits public entities from discriminating against qualified individuals with a disability because of the disability. 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff "must allege that: (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." *Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007) (first citing 42 U.S.C. § 12132; then citing *Kiman v. N.H. Dep't of Corr.*, 451 F.3d 274, 283 (1st Cir. 2006)).

Plaintiff never alleges any of the three elements required to state an ADA claim. He never alleges that he is a qualified individual with a disability. He does assert, however, that he

has PTSD and attaches to his Complaint documents from the Veterans' Administration. These attachments show that he is receiving VA benefits of some form. Even if these facts are an allegation that plaintiff is a qualified individual with a disability, his Complaint still fails to allege facts showing defendants' knowledge of the disability and the need for an accommodation to support the third element of an ADA claim.

The Tenth Circuit has explained the essential nature of such allegations: "Before a public entity can be required under the ADA to provide a disabled individual an auxiliary aid or service, a public entity must have knowledge of the individual's disability and the individual's need for an accommodation." *Id.* at 1196. "A public entity cannot know that a modification to its services under the ADA is necessary if it does not first understand that an individual requires such modification because he is disabled." *Id.* Here, because plaintiff's Complaint never alleges any facts showing that defendants had knowledge that plaintiff was a qualified person with a disability when he was arrested for possessing cocaine, it fails to assert the requisites of a plausible ADA claim. *See Cohon ex rel. Bass v. New Mexico Dep't of Health*, 646 F.3d 717, 725–29 (10th Cir. 2011) (affirming dismissal of plaintiff's ADA claims under Rule 12(b)(6) because the allegations in plaintiff's Complaint failed to state a plausible claim); *see also Brown v. Via Christi Health*, No. 10-4120-EFM, 2010 WL 4930682, at *2 (D. Kan. Nov. 30, 2010) (holding that plaintiff failed to meet his "burden to form his Complaint with enough factual matter to show a plausible claim entitling him for relief" for a denial of public accommodations under the ADA).

Plaintiff's Complaint also fails to allege facts showing that defendants knew of plaintiff's need for an accommodation. Indeed, "[o]nce a public entity has knowledge of an individual's disability, the entity must also have knowledge that an individual requires an accommodation of

some kind to participate in or receive the benefits of its services." *Id.* at 1197. "In other words, the entity must have knowledge that an individual's disability limits [his] ability to participate in or receive the benefits of its services." *Id.* "[A] public entity is on notice that an individual needs an accommodation when it knows that an individual requires one, either because that need is obvious or because the individual requests an accommodation." *Id.* at 1197–98. Here, plaintiff never alleges that defendants had knowledge of his need for accommodation. He never alleges that his need for an accommodation was obvious or that he requested an accommodation such that defendants had the required knowledge. Without such facts, plaintiff can state no plausible ADA claim.

In sum, plaintiff fails to state a § 1983 claim against the City of Grandview Plaza because he never alleges that a municipal policy or custom produced a violation of his constitutional rights. The court thus dismisses plaintiff's § 1983 claims against the City of Grandview Plaza for failing to state a claim under Fed. R. Civ. P. 12(b)(6).

### 4. The court declines to exercise supplemental jurisdiction over plaintiff's state law claim.

Plaintiff's Complaint also asserts a claim under state law. He contends that defendants violated Kan. Stat. Ann. § 22-2401a(2)(a). But, because the court has dismissed plaintiff's federal claims above, the court may decline supplemental jurisdiction over plaintiff's remaining state law claim. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction [when] the district court has dismissed all claims over which it has original jurisdiction.") The decision whether to exercise supplemental jurisdiction is committed to a district court's sound discretion. *Exum v. United States Olympic Comm.*, 389 F.3d 1130, 1138–39 (10th Cir. 2004). Section 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case,

and at every stage of the litigation, the values of judicial economy, convenience, fairness and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). But, where pretrial proceedings and discovery have not commenced in earnest, "considerations of judicial economy, convenience, and fairness do not favor retaining jurisdiction." *Tonkovich v. Kan. Bd. of Regents*, 254 F.3d 941, 945 (10th Cir. 2001) (internal quotations and citations omitted).

Here, the court has dismissed every claim which this court had original jurisdiction to decide. And, no pretrial proceedings or discovery have taken place yet. The court thus exercises its discretion and declines to assert supplemental jurisdiction over plaintiff's state law claim. The court remands that state law claim to the District Court of Geary County, Kansas.

### VII.    Conclusion

For reasons explained above, the court grants in part and denies in part defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Even giving plaintiff's Complaint the most liberal construction imaginable, plaintiff's federal claims fail to state a claim on which relief can be granted. The court thus dismisses plaintiff's federal claims under Fed. R. Civ. P. 12(b)(6), without prejudice. The court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claim, and thus remands the case to the District Court of Geary County, Kansas.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Santine M. White's Motion to Remand to State Court (Doc. 8) is denied as moot.

**IT IS FURTHER ORDERED THAT** defendants' Motion to Dismiss (Doc. 6) is granted in part and denied in part. The court dismisses plaintiff's federal claims without prejudice under Fed. R. Civ. P. 12(b)(6) because they fail to state a plausible claim for relief.

The court declines to exercise supplemental jurisdiction over plaintiff's state law claim and thus remands the remaining state law claim to the District Court of Geary County, Kansas.

**IT IS FURTHER ORDERED THAT** defendants' Motion to Strike (Doc. 17) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff Santine M. White's Motion for Order (Doc. 19) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff Santine M. White's "Motion/Notice of a Constitutional Challenge of Statute" (Doc. 20) is denied.

**IT IS SO ORDERED.**

**Dated this 19th day of May, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**